**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| GEORGE J WILSON, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-20-MTT-AGH |
| WARDEN T SALER, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders, Plaintiff filed a recast complaint (ECF No. 6) and paid an initial partial filing fee. His claims are thus ripe for review under 28 U.S.C. §§ 1915A and § 1915(e). As explained below, the Court finds Plaintiff's claims for prospective injunctive relief regarding his medical treatment shall proceed against Defendant Peoples in his official capacity only. It is **RECOMMENDED** that Plaintiff's other claims be **DISMISSED** without prejudice.

**PRELIMINARY SCREENING OF PLAINTIFF'S CLAIMS**

I. Standard of Review

The Prison Litigation Reform Act (PLRA) directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by plaintiffs proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same, in that the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) ("[T]he court shall dismiss the case at any time if the court [finds] the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). A court may dismiss claims based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* A claim can be dismissed as malicious if it is knowingly duplicative or amounts to an abuse of the judicial process. *See Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it fails to include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States, and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983) ("Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States."). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claims, the complaint may be dismissed. *See Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of claims at preliminary screening since prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II. Analysis

On April 10, 2026, Plaintiff was ordered to recast his original complaint on one of the Court's standard forms to provide the Court with more detail about his claims. Order 2-3, ECF No. 4. Plaintiff was advised that his recast complaint would take the place of his original complaint. *Id.* But, as the allegations in the recast complaint are more minimal than those in his original complaint, the Court assumes Plaintiff intended for the recast complaint to be read together with the original complaint.

Plaintiff's claims are based on his treatment at the Macon State Prison (MSP). Recast Compl. 4, ECF No. 6. Documents attached to Plaintiff's original complaint

show he arrived at MSP in September 2023, and at some time during that year he was told his "PSA" was 28 and that he needed a biopsy. Original Compl. Docs. 1, ECF No. 1-2; Recast Compl. 6. The Court presumes "PSA" refers to a prostate-specific antigen test. *See* https://www.cancer.gov/types/ prostate/psa-fact-sheet [https://perma.cc/B6B8-36JN] (last visited Oct. 15, 2026). Several medical conditions, including prostate cancer and benign prostatic hyperplasia (BPH), can cause elevated PSA levels. *Id.*

By 2025, Plaintiff had not been given a biopsy, although he had been prescribed Flomax, a drug used to treat BPH, which can cause pain and urinary symptoms. *See* https://medlineplus.gov/druginfo/meds/a698012.html [https://perma.cc/B4LH-CLBT] (last visited Oct. 15, 2026); *see also* Original Compl. Docs. 2-4 (documents dated May 2025 indicating that Plaintiff needed a refill of Flomax medication and that medication was reordered). Despite this treatment, Plaintiff was still complaining of continuing pain and problems using the restroom beginning around July 2025. Original Compl. Docs. 6. Plaintiff complained of these symptoms multiple times over the following months, and he was repeatedly advised that an appointment with urology was pending or awaiting approval or scheduling. *See id.* at 5 (stating urology appointment pending as of August 11, 2025), 11 (stating urology appointment pending as of August 18, 2025), 12-13 (stating appointment pending as of September 3, 2025), 14 (stating urology appointment pending as of September 9, 2025), 15 (stating appointment pending as of September 19, 2025), 16 (stating urology appointment was approved and was waiting to be scheduled as of October 16, 2025).

By the time Plaintiff filed his original complaint in January 2026, however, he still had not seen a urologist despite his continued significant symptoms, including a lack of bladder control and "extreme pain" that made sleep difficult. Original Compl. 5, ECF No. 1-3. Although Plaintiff contends he requires "treatment for prost[]ate cancer," he does not clearly state that he has such a diagnosis. Recast Compl. 3.

Plaintiff names as Defendants: (1) D. Peoples, the current MSP warden; (2) T. Sales, an individual who may have formerly been the warden at MSP; and (3) G. Wynn, Cynthia Hunt, and Joshua Grach, three medical providers. Original Compl. 4; Recast Compl. 4. He contends they violated his constitutional rights, and he seeks a court order requiring "immediate, effective, timely treatment" as a result. Recast Compl. 5; *see* Original Compl. 6 ("I beg the Court to order that I receive treatment.").

"[A] prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations and citations omitted) (cleaned up). To state an actionable claim in this context, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (citations and quotations omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann,* 588 F.3d at 1307 (citation omitted). "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

Establishing the second element requires a plaintiff to plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with subjective recklessness as used in the criminal law." *Wade*, 106 F.4th at 1255 (citations and quotations omitted). "Subjective recklessness" requires the defendant to be "actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff[,]" although a defendant cannot be held liable for a constitutional violation if he responds reasonably to a risk of which he is aware. *Id.* at 1262.

The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty*., 510 F.3d 1312, 1327 (11th Cir. 2007) (citation omitted). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326 (citation omitted). "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327 (citation omitted).

Plaintiff has pled facts sufficient to show he has a serious medical need. He has also alleged he has been suffering from significant symptoms for months—if not years—and has yet to see a urologist or receive a biopsy, both of which some prison

officials or medical professionals deemed necessary. To the extent Plaintiff is suing each Defendant individually, however, his original and recast complaints suffer from the same defect: Plaintiff has not pled facts sufficient to show any of the named Defendants were "actually, subjectively aware" Plaintiff was not receiving adequate treatment. *Wade*, 106 F.4th at 1262. Indeed, despite being told to do so, *see, e.g.*, Order 4, Plaintiff does not allege any facts in the body of either complaint linking any named Defendant with any alleged violation of his constitutional rights. Without such facts, Plaintiff has failed to state an actionable deliberate indifference claim against Defendants in their individual capacities. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). At the same time, however, it is clear from the pleadings that Plaintiff is only seeking prospective injunctive relief in the form of proper medical care. Original Compl. 6; Recast Compl. 5. Plaintiff could thus have a claim against MSP Warden Peoples in his official capacity, as opposed to his individual capacity.

"Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation and quotations omitted). "Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994) (citation omitted). The Supreme Court, however, set forth an exception to this rule in *Ex parte Young*, 209 U.S. 123 (1908). *Ex parte Young* provides an

"exception . . . for suits against state officers seeking *prospective* equitable relief to end *continuing* violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (citations omitted). In other words, the exception "permit[s] prospective relief against state officers in their official capacities to refrain from unconstitutional conduct even though compliance may cost the state money." *Luckey v. Harris*, 860 F.2d 1012, 1014 (11th Cir. 1988) (citation omitted). "Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity." *Id.* at 1015. Instead, "[a]ll that is required is that the official be responsible for the challenged action." *Id.*; *see Ex Parte Young*, 209 U.S. at 157 (holding that the state officer being sued "must have some connection with the enforcement of the act" being challenged).

The Court will thus liberally construe the allegations in Plaintiff's complaints as raising a claim against Defendant Peoples in his official capacity for prospective injunctive relief. *See, e.g.,* Original Compl. 5 ("Multiple wardens have failed and/or refused to see that I receive treatment."). As the current warden of the prison, Defendant Peoples would presumably have the authority to ensure that Plaintiff gets adequate medical care, and Plaintiff's claim that he has not received such care is not necessarily frivolous. *See, e.g., Thomas v. Georgia Dep't of Corr.*, No. 6:18CV111, 2019 WL 7562658, at *7 (S.D. Ga. Nov. 25, 2019) (finding that warden of plaintiff's current facility was "suable in his official capacity for Plaintiff's claims for injunctive relief in the form of prospective medical treatment for his injuries"), *report and recommendation adopted,* 2020 WL 132190 (S.D. Ga. Jan. 10, 2020). Plaintiff's

Eighth Amendment medical deliberate indifference claims for prospective injunctive relief shall therefore proceed against Defendant Peoples in his official capacity only.

Because Plaintiff has not explained what role any remaining named Defendants may have had in providing or denying him adequate medical care, any official capacity claims against these individuals should be dismissed for failing to state a claim or as redundant of Plaintiff's official capacity claim against Defendant Peoples. *See Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991) (approving the dismissal of official capacity defendants whose presence was merely redundant).

## CONCLUSION

Plaintiff's prospective injunctive relief claims regarding his medical care shall proceed against Defendant D. Peoples in his official capacity only. It is **RECOMMENDED** that the other claims be **DISMISSED without prejudice**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time to file written objections, provided an extension request is filed prior to the deadline for filing written objections. Failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**ORDER FOR SERVICE**

It is **ORDERED** that service be made on Defendant Peoples and that he file an answer or an appropriate motion under Rule 12, 28 U.S.C. § 1915, and the PLRA. Each Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d). During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and parties advised of their current address. Failure to promptly do so may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served, at what address, when service was made, and how it was made.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendant from whom discovery is sought by the Plaintiff. Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendant (whichever comes first) unless an extension is granted upon a showing of good cause therefor or a protective order is granted. This 90-day period shall run separately as to Plaintiff and Defendant. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that it has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations: except with written court permission, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests exceeding these limits.

**IT IS FURTHER ORDERED** that Defendant comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 26th day of October, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

## REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS

Counsel for Defendant shall confer with Defendant and with appropriate Georgia Department of Corrections (GDC) staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1) State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2) If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(3) State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(4) If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged. If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5) Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint. Failure to do so may result in the imposition of sanctions.